IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mocktar A. Tairou, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> Al Cannon, Jr., Sheriff, Charleston ) <br> County Detention Center; ) <br> Sean Gallagher, Field Office ) <br> Director, Immigration and ) <br> Customs Enforcement; ) <br> Kirstjen Nielsen, Secretary of ) <br> Homeland Security; and ) <br> William Barr, Attorney General of ) <br> the United States of America, ) <br> ) <br> Respondents. ) <br> ) | C/A No.: 1:19-674-JFA-SVH <br><br><br><br><br><br> REPORT AND <br> RECOMMENDATION |

Mocktar A. Tairou ("Petitioner") is an alien detainee in the custody of the United States Immigration and Customs Enforcement ("ICE") at Folkston ICE Processing Center in Folkston, Georgia. Proceeding *pro se*, he filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge transfer the petition to the Southern District of Georgia.

I.     Factual and Procedural Background

Petitioner, a native and citizen of Benin, filed this § 2241 habeas petition challenging his continued detention under the Immigration and Naturalization Act. [ECF No. 1]. At the time of filing, Petitioner was housed at the Charleston County Detention Center in Charleston, South Carolina. *Id.* at 1. On March 25, 2019, Petitioner notified the court of his transfer to Folkston ICE Processing Center in Folkston, Georgia. [ECF No. 10].

II.    Discussion

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained."  28 U.S.C. § 2243.  Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."  *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation omitted). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (citation omitted).

Although Petitioner was incarcerated in the District of South Carolina when he filed his § 2241 petition, he is presently incarcerated at Folkston

ICE Processing Center in Folkston, Georgia. [ECF No. 10]. Petitioner's current custodian, the Warden of Folkston ICE Processing Center, is therefore the proper party respondent to Petitioner's § 2241 petition. Accordingly, this court lacks jurisdiction to entertain this petition. *See Rumsfeld*, 542 U.S. at 445 ("[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction."). Therefore, the undersigned recommends the court transfer Petitioner's § 2241 habeas petition to the Southern District of Georgia for further consideration and proceedings. *See Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua sponte."); 28 U.S.C. § 1631 (noting a district court should transfer a habeas petition to the proper district court, if such transfer would further the interest of justice).

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this case be transferred to the United States District Court for the Southern District of Georgia.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 5, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).