IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By mgarcia at 2:41 pm, Dec 09, 2019

MOCKTAR A. TAIROU,

    Petitioner,

v.

PATRICK GARTLAND,

    Respondent.

CIVIL ACTION NO.: 5:19-cv-44

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Mocktar Tairou ("Tairou"), who was housed at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Tairou filed a Response. Docs. 22, 29. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY as moot** Tairou's Petition, and **DIRECT** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Tairou leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Tairou filed his Petition on March 7, 2019. Doc. 1. In his Petition, Tairou contends he is a native of Benin, arrived in the United States in 2014, and has been in continued detention or removal proceedings since his arrival. Id. at 1–3. Tairou asserts he was taken into ICE's custody on May 3, 2018 and was not afforded the opportunity to say goodbye to his wife and child, who are United States' citizens. Id. at 3–4. Tairou states he is attempting to fight removal, as his wife filed a petition for an alien relative (I-130) on his behalf. Id. at 5. Tairou maintains he has

committed no crime and is no longer under a final order of removal, yet the Attorney General has revoked his bond and rearrested him. Id. at 6. Tairou alleges his continued detention deprives him of his Fifth Amendment due process rights, and he is entitled to bond hearings. Id. at 7. As relief, Tairou asks to be released immediately, to be provided with the opportunity to say goodbye to his family, and to have a reasonable amount of bond set. Id. at 7–8.

Respondent filed a Motion to Dismiss, whereby he asserts ICE released Tairou on parole on July 24, 2019, and he is no longer in the Government's custody. Doc. 22 at 1. Respondent contends that Tairou asks for his release from ICE custody in his Petition, and because he has been granted this relief, his Petition is moot. Id. Respondent notes the general rule that a transfer or release from custody moots claims for declaratory and injunctive relief, and this rule has been extended to cases where a detainee challenging his ICE custody has been removed during the pendency of his case and to cases where a petitioner has been released from ICE custody after the filing of his habeas petition. Id. at 2–3.

In response, Tairou asserts he "continues to have a personal stake" in his Petition, despite his release. Doc. 29 at 6. Tairou states he was released on parole under 8 U.S.C. § 1182(d)(5)(A), which is a discretionary release on parole which can be revoked at any time. Id. According to Tairou, if his relief is granted, he would be entitled to a hearing before an immigration judge. Id. at 7. Additionally, Tairou avers his detention falls under the "can reasonably be expected to recur[]" exception to the mootness doctrine. Id.

## DISCUSSION

### I. Whether Tairou's Petition Is Moot

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-

or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted).  Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted).

Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed.  Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).  In such cases, a "case is moot and must be dismissed." Hall v. Sec'y, Ala., 902 F.3d 1294, 1297 (11th Cir. 2018) (citation omitted), *cert. denied sub nom.*, Hall v. Merrill, No. 18-1362, 2019 WL 4921309 (U.S. Oct. 7, 2019).

Here, Tairou only requests to be released immediately, to be provided with the opportunity to say goodbye to his family, and to have a reasonable amount of bond set.  Doc. 1 at

7–8.  Tairou was released on parole from ICE's custody on July 24, 2019, doc. 22 at 1; doc. 22-1 at 1.  Thus, there is no longer a "live controversy" over which the Court can give meaningful relief.  See Friends of Everglades, 570 F.3d at 1216; see also Alonso-Martinez v. Meissner, 697 F.2d 1160, 1165 (D.C. Cir. 1983) (finding petitioner's parole under 8 U.S.C. § 1182(d)(5)(A) mooted habeas petition seeking release from custody); Richard v. Buford, No. CIV.A. 09-00158, 2009 WL 1564759, at *2 (S.D. Ala. May 29, 2009) (concluding release from ICE custody mooted habeas petition).  Accordingly, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY as moot** Tairou's Petition for Writ of Habeas Corpus.

The Court notes Tairou's assertion that his Petition falls within the "capable of repetition" exception to the mootness doctrine.  This exception "is limited" to situations where "(1) the challenged action [i]s in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [i]s a reasonable expectation that the same complaining party wi[ll] be subjected to the same action again."  Hall, 902 F.3d at 1297 (alterations in original) (citations omitted).  "'The remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time.'"  Id. (quoting Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001)).  In the context of immigration proceedings, courts have found the petitioner's release under an order of supervision or pending the appeal of a removal order do not fall within this exception.  Fregis v. Holder, 2:13-cv-163, 2014 WL 54839, at *2 (M.D. Fla. Jan. 7, 2014) (citing Riley v. INS, 310 F.3d 1253 (10th Cir. 2002), and Ijaoba v. Holder, 4:12-cv-3792, 2013 WL 1490927 (N.D. Ala. Mar. 4, 2013)).  Because Tairou has been released from custody and has not shown more than a "remote possibility" he will be detained again, he has not overcome mootness.  If

4

Tairou's parole is revoked in the future and he once again is under the custody of ICE, he may file another petition to challenge that custody.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Tairou leave to appeal *in forma pauperis*. Though Tairou has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Tairou *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY as moot** Tairou's Petition, and **DIRECT** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Tairou leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Tairou at his last known address and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of December, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA